## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LOUIS WATTS**<br>1010 G St. N. E.<br>Washington, D.C. 20002<br><br>  **PLAINTIFF,**<br><br>vs.<br><br>**the DISTRICT OF COLUMBIA,**<br>441 4th St. NW 6th Floor South<br>Washington, D.C. 20001<br><br>and<br><br>**CLIFFORD JANEY, SUPERINTENDENT OF**<br>**DISTRICT OF COLUMBIA PUBLIC SCHOOLS,**<br>825 N. Capitol St. NE, Washington, D.C. 20002**;**<br><br>AND<br><br>**DOES 1-10,**<br><br>  **DEFENDANTS.** | : CIVIL ACTION<br>:<br>:<br>:<br>:<br>: JURY TRIAL<br>:   DEMAND<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

_____

## COMPLAINT
(For Damages and Declaratory Relief)

Plaintiff, states upon information and belief, as follows:

### INTRODUCTION

1. Pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476) reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 et. seq., further reauthorized as the IDEA Improvement Act of 2004 (P.L. 108-446) 20

U.S.C. the District of Columbia through the District of Columbia Public Schools (DCPS) is responsible for ensuring that children who qualify receive special education services appropriate for their needs. Toward that end DCPS is responsible to ensure that Individualized Education Plans (IEPs) are developed for each qualifying student that is either a resident or ward of the District of Columbia. DCPS is responsible to ensure that such students receive the services that are identified in their IEPs and that each student receives the services that are necessary for them to receive a free and appropriate education in accordance with the provisions of IDEA and ADA. DCPS is the State Education Agency (SEA) under the IDEA.

2. Plaintiff is a resident of the District of Columbia. He resides in Alternative Solutions for Youth (ASY), a residential treatment program located in Washington, D.C. Prior to residing at that location he lived with his parents at 1010 G St. NE, Washington, D.C. Plaintiff was found eligible for special education services as a learning disabled student some time before the underlying administrative action was brought against DCPS. Plaintiff has attended school at ASY since September 23, 2004 pursuant to a settlement agreement entered into between DCPS and the student, and incorporated into an Hearing Officer Decision (HOD) dated September 21, 2004.

3. An IEP was developed for Plaintiff on June 22, 2005 and July 14, 2005 which required 27.5 hours of specialized academic services. At the Multi-disciplinary Team (MDT) meetings where that IEP was developed the team members agreed that Plaintiff needed intensive tutoring services in math and as an interim measure ASY would provide one 60-minute session, five days per week, of one-on-one math instruction. The team also agreed that such one-on-one services could be provided in all subject areas as

recommended by the special educator. DCPS requested to perform a classroom observation to determine the need for tutoring services so that it could implement those services instead of ASY. The team also agreed that a vocational assessment and clinical psychological assessment would be completed by DCPS and that they would reconvene another MDT meeting on August 18, 2005 to discuss those findings and finalize the IEP.

    4. The classroom observation was completed, but at the time of the administrative hearing held below, a report was not completed or disseminated to any MDT member. Neither the clinical psychological nor the vocational assessment was performed by DCPS. DCPS cancelled the August 18, 2005 MDT meeting. The plaintiff's IEP is still not finalized. Plaintiff has been denied a free and appropriate education by DCPS because of its failure to follow through on the recommendations made by the MDT members, specifically, to provide written findings of the classroom observation, to complete a clinical psychological assessment and report, vocational assessment and report, to provide those written reports to the MDT team for review, and to implement the one-on-one tutoring service recommended by the MDT team.

    5. Plaintiff filed for an administrative due process hearing on August 20, 2005. Plaintiff filed a complaint for a due process hearing based upon the failure of DCPS to implement the recommendations of the MDT and for the attendant violations of the IDEA. The hearing was held before an administrative officer on October 18, 2005. On October 25, 2005 he issued his Hearing Officer Determination (HOD) denying the Plaintiffs' request for relief and dismissing the complaint.

## JURISDICTION AND VENUE

6. This Court has jurisdiction of this matter pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476) reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 et. seq., further reauthorized as the IDEA Improvement Act of 2004 (P.L. 108-446) 20 U.S.C. 1400 et. seq., also specifically, 20 U.S.C. 1415 Sec. 615 (i) (2) and (3), the Americans with Disabilities Act, 42 U.S.C. 12101 et. seq., 28 U.S.C. 1331, 28 U.S.C. 1343.

7. The court has personal jurisdiction over the parties in that the Plaintiff is a resident of the District of Columbia.

8. The District of Columbia is a municipal corporation that operates the District of Columbia Public School system. Clifford Janey is the superintendent of the District of Columbia Public Schools (DCPS) which is an agency of the municipal government of the District of Columbia and is the State Education Agency (SEA) under the IDEA. The District of Columbia through DCPS is responsible to implement the provisions of IDEA as they apply to the residents and wards of the District of Columbia.

9. Venue is proper in this court under 28 U.S.C. 1391 (b) (1) or (2).

10. Declaratory relief is proper under 28 U.S.C. 2201 and 28 U.S.C. 2202.

## PLAINTIFF

11. Plaintiff is a student in the District of Columbia School system and a resident of Washington, D.C. At all pertinent times herein and specifically at the time of the Hearing Officer Determination (HOD) Plaintiff attended school at Alternative Solutions

for Youth in Washington, D.C. It is a private school that is a part of a residential program licensed by the District of Columbia.

## DEFENDANTS

12. Defendant the District of Columbia is a municipal corporation that operates DCPS. Defendant DCPS is an agency of the District of Columbia government that administers the public school system in the District of Columbia. The District of Columbia through DCPS is responsible for ensuring the proper implementation of the IDEA and ADA for children qualified as having special education needs that either reside in or are wards of the District of Columbia. DCPS is the State Education Agency (SEA) under the IDEA.

13. Defendant DOES 1-10 are agents or employees of the District of Columbia, and/or DCPS and other individuals acting in their professional capacity that were/are involved in the denial of a Free and Appropriate Education to the Plaintiff and who are presently unknown to the Plaintiff.

## CAUSES OF ACTION

**FIRST CAUSE OF ACTION FOR DENIAL OF A FREE APPROPRIATE EDUCATION (FAPE) AGAINST ALL DEFENANTS.**

14. Plaintiff realleges and incorporates herein by reference all allegations contained in paragraphs 1 through 13 as though fully set forth herein.

15. Defendants have deprived Plaintiff of a free appropriate education under IDEA because Defendants failed to provide one-on-one tutoring services to the plaintiff.

5

16. As a result of these actions, Plaintiff was denied a free and appropriate education and has suffered damages including the loss of appropriate educational services since the date such services were due and continues to suffer such loss every day that he does not receive such services.

**SECOND CAUSE OF ACTION FOR DENIAL OF A FREE APPROPRIATE EDUCATION (FAPE) AGAINST ALL DEFENANTS.**

17. Plaintiff realleges and incorporates herein by reference all allegations contained in paragraphs 1 through 16 as though fully set forth herein.

18. Defendants have deprived Plaintiff of a free appropriate education under IDEA because Defendants have failed to provide written findings of the classroom observation conducted by DCPS for the purpose of assessing the need for tutoring and providing such service.

19. As a result of these actions, Plaintiff was denied a free and appropriate education and has suffered damages including the loss of appropriate educational services since the date such services were due and continues to suffer such loss every day that he does not receive such services.

**THIRD CAUSE OF ACTION FOR DENIAL OF A FREE APPROPRIATE EDUCATION (FAPE) AGAINST ALL DEFENANTS.**

20. Plaintiff realleges and incorporates herein by reference all allegations contained in paragraphs 1 through 19 as though fully set forth herein.

21. Defendants have deprived Plaintiff of a free appropriate education under IDEA because Defendants have failed to complete a clinical psychological assessment and report as part of the finalization of Plaintiff's IEP.

22. As a result of these actions, Plaintiff was denied a free and appropriate education and has suffered damages including the loss of appropriate educational services since the date such services were due and continues to suffer such loss every day that he does not receive such services.

**FOURTH CAUSE OF ACTION FOR DENIAL OF A FREE APPROPRIATE EDUCATION (FAPE) AGAINST ALL DEFENANTS.**

23. Plaintiff realleges and incorporates herein by reference all allegations contained in paragraphs 1 through 22 as though fully set forth herein.

24. Defendants have deprived Plaintiff of a free appropriate education under IDEA because Defendants have failed to complete a vocational assessment and report as part of the finalization of Plaintiff's IEP.

25. As a result of these actions, Plaintiff was denied a free and appropriate education and has suffered damages including the loss of appropriate educational services since the date such services were due and continues to suffer such loss every day that he does not receive such services.

**FIFTH CAUSE OF ACTION FOR DENIAL OF A FREE APPROPRIATE EDUCATION (FAPE) AGAINST ALL DEFENANTS.**

26. Plaintiff realleges and incorporates herein by reference all allegations contained in paragraphs 1 through 25 as though fully set forth herein.

27. Defendants have deprived Plaintiff of a free appropriate education under IDEA because Defendants have failed to provide written reports of the observations of the Plaintiff, clinical psychological assessment and vocational assessment to the MDT team for review so that plaintiff's IEP could be revised as necessary and finalized.

28. As a result of these actions, Plaintiff was denied a free and appropriate education and has suffered damages including the loss of appropriate educational services since the date such services were due and continues to suffer such loss every day that he does not receive such services.

PRAYER FOR RELIEF

WHEREFORE Plaintiff demands a jury trial and judgment and damages against the defendants, jointly, severally, and:

1. For compensatory damages in an amount to be determined by trial together with interest;

2. For compensatory education services in an amount to be determined at trial;

3. For declaratory relief in the form of an order that Defendants have denied Plaintiff FAPE and that DCPS provide the tutoring services agreed to by the MDT team immediately; provide the written findings of the classroom observation to

the MDT team within five calendar days; complete the evaluations and reports agreed upon by the MDT team (the clinical psychological assessment and vocational assessment) within 20 calendar days and provide them to the MDT team immediately upon completion; and convene an MDT meeting to finalize Plaintiff's IEP within 10 calendar days after completion of the above assessments.

4. For attorneys' fees;

5. For the costs of this action; and

6. For such further and other relief as the court may grant.

Dated: November 23, 2005

Washington, D.C.


By_____
  Pamela Roth Esq.
  397479
  717 D St. NW # 300
  Washington, D.C. 20004
  (202) 667-4842
  <lawproth@msn.com>